**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

| | |
|---|---|
| In re<br><br>Mary Rivers and Donald Rivers,<br><br>    *Debtors* | Chapter 7<br>Case No. 13-21187 |
| LAO Properties, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>Mary Rivers and Donald Rivers,<br><br>    *Defendants* | Adversary Proceeding<br>Adversary Case No. 14- |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND OBJECTING TO DISCHARGE OF DEBTORS
UNDER 11 U.S.C. §§ 523(a)(4), 523(a)(6) & 727(a)**

LAO Properties, LLC ("Plaintiff"), hereby files this Complaint to Determine Dischargeability of Debt and Objecting to Discharge of the Debtors, Mary Rivers and Donald Rivers, pursuant to 11 U.S.C. §§ 523(a)(4), 523(a)(6) and 727(a) and Rule 7001 of the Federal Rules of Bankruptcy Procedure. As grounds for its Complaint, Plaintiff respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. Defendants are debtors in a case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pending before the United States Bankruptcy Court for the District of Maine (the "Court"), which case is captioned *In re Mary Rivers and Donald Rivers*, Case No. 13-21187.

1

2. This Court has jurisdiction over Defendants' bankruptcy case and over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334, and Rule 83.6(a) of the Local Rules of the United States District Court for the District of Maine.

3. Venue of Defendants' bankruptcy case is before this Court pursuant to 28 U.S.C. § 1408, and venue of this adversary proceeding is before this Court pursuant to 28 U.S.C. § 1409(a).

4. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B)(I) & (J).

**FACTUAL ALLEGATIONS**

5. Defendants commenced their bankruptcy case by filing a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code on November 25, 2013.

6. Plaintiff is a limited liability company duly organized and existing under the laws of the State of Maine, having a place of business in the Town of York, County of York and State of Maine.

7. Plaintiff operates a hospitality business and owns various seasonal rental properties in York Beach, Maine.

8. Defendant Mary Rivers operates a business in York Beach, Maine, known as "Rivers by the Sea," procuring tenants and providing other property management services for clients either as a sole proprietorship or in partnership with Defendant Donald Rivers.

9. On November 1, 2011, Plaintiff filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and, after the United States Bankruptcy Court entered its Order confirming Plaintiff's plan of reorganization, obtained a final decree on December 28, 2012.

10. In or around January 2012, Plaintiff and Defendant Mary Rivers d/b/a Rivers by the Sea entered into a written Rental & Property Management Agreement (the "Agreement"), whereby she agreed to rent out and manage the rental properties owned by Plaintiff.

11. The Bankruptcy Court authorized the Agreement by Order dated January 5, 2012.

12. Sections 3.8, 3.9, and 4.1 of the Agreement require Defendant Mary Rivers to deposit all gross rental amounts into Plaintiff's debtor-in-possession bank accounts within one (1) business day of receipt, deducting only state lodging taxes prior to remission.

13. Section 3.9 of the Agreement provides that "all income collected by the Manager [Mary Rivers d/b/a Rivers by the Sea] on account of the Property shall be, and shall remain, property of the Owner's [Plaintiff's] bankruptcy estate under section 541 of the Bankruptcy Code."

14. Section 3.3 of the Agreement requires Defendant Mary Rivers to provide copies of rental agreements to Plaintiff upon request.

15. Section 3.10 of the Agreement requires Defendant Mary Rivers to maintain detailed records relating to services rendered and income collected and to provide copies of such records to Plaintiff upon request.

16. Section 6.13 of the Agreement provides that "the Manager acknowledges that it is acting in a fiduciary capacity in relation to the Owner."

17. Defendant Mary Rivers obtained rental agreements for Plaintiff's properties and collected rents pursuant to the Agreement, but, in violation of the Agreement, she has failed and refused to remit rental income to Plaintiff, notwithstanding Plaintiff's repeated demands for same.

18. In further violation of the Agreement, Defendant Mary Rivers has failed and refused to provide copies of the rental agreements to Plaintiff, despite Plaintiff's requests.

19. In violation of the Agreement, Defendant Mary Rivers has failed to provide copies of her records relating to the property to Plaintiff, despite Plaintiff's requests.

20. Throughout the term of the Agreement, Defendant Donald Rivers has undertaken most of the duties of the "Manager" under the Agreement.

21. Defendant Donald Rivers operates Rivers by the Sea either in partnership with Defendant Mary Rivers or as her authorized agent.

22. In so undertaking the duties of the Manager under the Agreement, Defendant Donald Rivers assumed the same fiduciary duties as Defendant Mary Rivers.

23. According to information supplied to Plaintiff by Defendants' agent, the rental income that she has collected but not remitted to Plaintiff amounts to more than Ninety Thousand Dollars ($90,000.00).

## COUNT I

24. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

25. Section 523(a)(4) of the Bankruptcy Code excepts from a debtor's discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

26. The Agreement created an express or technical trust for the rental income.

27. Defendants owed fiduciary duties to the Plaintiff.

28. Defendants have committed fraud or defalcation by, among other things, misappropriating the rental income.

29. Defendants have breached their duties to Plaintiff by, among other things, failing to remit the rental income and rental information.

30. Plaintiff has suffered damages as a result of Defendants' conduct, including, without limitation, more than $90,000 of rental income.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendants: (i) determining the amounts due to Plaintiff from Defendants and declaring all such amounts to be nondischargeable and excepted from any discharge of Defendants pursuant to 11 U.S.C. § 523(a)(4); (ii) awarding Plaintiff reasonable attorneys' fees and costs in connection with this Complaint; and (iii) for such other and further relief as is just and equitable under the circumstances.

## COUNT II

31. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

32. Section 523(a)(6) of the Bankruptcy Code excepts from a debtor's discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

33. By engaging in the conduct set forth hereinabove, Defendants breached their fiduciary obligations to Plaintiff and acted in bad faith.

34. Defendants undertook the foregoing actions predominantly for improper or dishonest purposes, including but not limited to purposes of self-dealing and/or defrauding and injuring Plaintiff.

35. Defendants have acted willfully in causing injury to Plaintiff and with actual or implied malice toward Plaintiff.

36. Plaintiff has suffered damages as a result of Defendants conduct.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendants: (i) determining the amounts due to Plaintiff from Defendants and declare all such amounts to be nondischargeable and excepted from any discharge of Defendants pursuant to 11 U.S.C. § 523(a)(6); (ii) awarding Plaintiff reasonable attorneys' fees and costs in connection with this Complaint; and (iii) for such other and further relief as is just and equitable under the circumstances.

## COUNT III

37. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

38. Under section 727(a)(7) of the Bankruptcy Code, a debtor cannot obtain a discharge if it has committed any of the acts or omissions specified in sections 727(a)(2), (3), (4), (5), or (6) with respect with respect to an insider's bankruptcy case.

39. The Defendants are insiders of the Plaintiff.

40. In connection with Plaintiff's bankruptcy case, the Defendants violated section 727(a)(2) of the Bankruptcy Code by, among other things, transferring, removing or concealing and failing to remit rental payments to the Plaintiff as required by the Agreement.

41. In connection with Plaintiff's bankruptcy case, the Defendants violated section 727(a)(3) of the Bankruptcy Code by, among other things, failing to maintain and/or provide records related to the Plaintiff's property and the rental income.

42. In connection with Plaintiff's bankruptcy case, the Defendants violated section 727(a)(4) of the Bankruptcy Code by, among other things, failing to explain satisfactorily the disposition of the rental income.

43. Therefore, pursuant to section 727(a)(7) of the Bankruptcy Code, Defendants are not entitled to a discharge.

WHEREFORE, Plaintiff requests that the Court find that Defendants are not entitled to a discharge of their debts, and grant such other and further relief as is just and equitable under the circumstances.

## COUNT IV

44. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

45. As of the date of this Complaint, Defendants have not completed the examination required by sections 341 and 343 of the Bankruptcy Code.

46. Therefore, at a minimum, Defendants have failed to explain satisfactorily the deficiency of assets to meet their liabilities under section 727(a)(5) of the Bankruptcy Code.

47. Based upon the foregoing facts and others that will be developed through further examination of the Defendants and discovery, Defendants may be found to have committed other acts specified under the provisions sections 727(a)(2), (3), (4), (5), (6), and/or (7) of the Bankruptcy Code, with respect to their bankruptcy cases and/or Plaintiff's bankruptcy case.

48. For these reasons and additional reasons as may be developed through further examination of the Defendants, discovery, and at trial, Defendants are not entitled to a discharge.

WHEREFORE, Plaintiff requests that the Court find that Defendants are not entitled to a discharge of their debts, and grant such other and further relief as is just and equitable under the circumstances.

Dated at Portland, Maine this 25th day of February, 2014.

          /s/ David M. Hirshon_____
          David M. Hirshon

          /s/ Marshall J. Tinkle_____
          Marshall J. Tinkle
          Counsel for Plaintiff, LAO Properties, LLC

HIRSHON LAW GROUP, P.C.
208 Fore Street
Portland, ME 04101
(207) 619-8550

## CERTIFICATE OF SERVICE

I, David M. Hirshon, Esq., hereby certify that on the 25th day of February, 2014, I caused a true copy of the within Complaint to Determine Dischargeability of Debt to be electronically served upon Debtors'/Defendants' counsel and any other party electronically docketed pursuant to the Electronic Notice generated by the ECF/PACER system and, to those parties generated as not receiving the document electronically, to be mailed this day by First Class Mail, postage prepaid.

Dated at Portland, Maine this 25th day of February, 2014.

          /s/ David M. Hirshon_____
          David M. Hirshon
          Counsel for Plaintiff, LAO Properties, LLC

HIRSHON LAW GROUP, P.C.
208 Fore Street
Portland, ME 04101
(207) 619-8550